Filed 5/12/23  P. v. Gonzalez CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE, | 2d Crim. No. B321634 |
| Plaintiff and Respondent, | (Super. Ct. No. CR31081) |
| | (Ventura County) |
| v. | |
| FRANCISCO GONZALEZ, | |
| Defendant and Appellant. | |

Francisco Gonzalez appeals the trial court's denial of his motion for resentencing pursuant to Penal Code section 1172.6.[1] We conclude that the court properly denied Gonzalez's motion because, as the actual shooter, he is ineligible for relief pursuant to section 1172.6 as a matter of law.  (*People v. Lewis* (2021) 11 Cal.5th 952, 959, 971; *People v. Hurtado* (2023) 89 Cal.App.5th 887, 892-893.)  We affirm.

In December 1992, Gonzalez and an accomplice, Mark Estrada, attempted to rob an Oxnard convenience store.

---

[1] All statutory references are to the Penal Code.

1

Gonzalez used a .45 caliber handgun in committing the crime; Estrada was unarmed. The shopkeeper was armed, however, and a gun battle ensued. During an exchange of gunfire with Gonzalez, the shopkeeper shot and killed Estrada. Gonzalez later pleaded guilty to two charged counts and admitted the personal firearm use allegations in the felony complaint.

*FACTUAL AND PROCEDURAL HISTORY*

On February 3, 1993, Gonzalez, then 17 years old, pleaded guilty to one count of first degree murder and one count of attempted murder. (§§ 187, subd. (a), 189, 664.) He also admitted that during commission of the offenses, he personally used a firearm. (§ 12022.5, subd. (a).) Gonzalez expressly agreed that the trial court could consider the probation report to be prepared, as well as the 21-page juvenile fitness report, as the factual basis for his plea.[2]

*Factual Basis in Probation Report*

Gonzalez acquired a .45 caliber automatic handgun from a friend and displayed it to his brother. On December 2, 1992, Gonzalez and companion Estrada left the Gonzalez family residence carrying beanies.

The two men went into an Oxnard convenience store wearing dark clothing and beanie masks. Gonzalez approached the clerk (the shopkeeper's wife) sitting near the cash register, pointed the handgun at her, and demanded money. The clerk screamed for her shopkeeper husband who was in the back office of the store.

---

[2] The appellate record contains the probation report but not the fitness report. The superior court clerk has filed a certificate stating that the fitness report cannot be located.

The shopkeeper grabbed a .38 caliber revolver that he kept in the office and walked into the store area. Upon seeing the shopkeeper with a firearm, Gonzalez ran toward the door. As he reached the doorway, Gonzalez turned, raised his hand, and shot at the shopkeeper's head who then returned fire. The trajectory of the bullet that Gonzalez fired resulted in the bullet landing on the shopkeeper's office chair.

As the shopkeeper continued walking inside the store, he saw Estrada. The shopkeeper mistakenly believed that Estrada was holding a firearm and might shoot him, so he shot Estrada. Estrada stumbled from the store into the parking lot. As the shopkeeper stood in the doorway of the store, Gonzalez continued shooting at him from the parking lot. The shopkeeper returned fire as Gonzalez and Estrada ran away. Estrada died later at the hospital.

When questioned by police officers, Gonzalez initially denied using a firearm to rob the convenience store. He then admitted that he shot at the shopkeeper when he saw that the shopkeeper was armed. Gonzalez stated that after running from the store, he threw the .45 caliber firearm into a drainage ditch. In a later interview, Gonzalez stated that the shopkeeper shot first and that he (Gonzalez) returned fire from outside the store. Oxnard police officers found the .45 caliber firearm near a drainage ditch; the magazine was empty but a hollow point bullet was in the chamber. The firearm's safety was in the off position and the hammer was in the cocked position.

*Sentencing and Section 1172.6 Petition*

At sentencing, the trial court imposed a sentence of 25-years-to-life imprisonment for the murder conviction plus a consecutive four-year prison term for the personal firearm use

3

enhancement. The court stayed sentence pursuant to section 654 for the attempted murder conviction and its attendant firearm use enhancement.

On May 9, 2022, Gonzalez, represented by counsel, filed a petition to vacate his conviction pursuant to section 1172.6. The petition alleged that the prosecution rested upon a theory of felony murder, murder pursuant to the natural and probable consequences doctrine, or another theory where malice is imputed to a person solely on his participation in a crime. The prosecutor opposed the petition and requested that the court take judicial notice of the 1993 probation report. The prosecutor also asserted that Gonzalez's conviction rested upon the theory of provocative act murder, not felony murder. (*People v. Mancilla* (2021) 67 Cal.App.5th 854, 867-868.) Gonzalez did not file a reply brief but unsuccessfully opposed the prosecutor's request regarding the probation report.

On September 3, 2020, the trial court denied the resentencing petition based upon Gonzalez's 1993 guilty pleas and admissions and the evidence set forth in the probation and fitness reports. The trial judge stated that the court file indicated that Gonzalez was a major participant in the underlying felony and acted with reckless indifference to human life.

*DISCUSSION*

Gonzalez contends that the trial court erred by denying his resentencing petition without issuing an order to show cause and holding an evidentiary hearing. (§ 1172.6, subd. (c).)

A person is entitled to resentencing relief pursuant to section 1172.6 if (1) "[a] complaint, information, or indictment was filed against the petitioner that allowed the prosecution to

4

proceed under a theory of felony murder [or] murder under the natural and probable consequences doctrine," (2) the petitioner "was convicted of murder," and (3) the petitioner "could not presently be convicted of murder . . . because of changes to Section 188 or 189 made effective January 1, 2019." (*Id.*, subd. (a)(1)-(3).) In January 2019, our Legislature amended section 188 to provide that "in order to be convicted of murder, a principal in a crime shall act with malice aforethought" and that "[m]alice shall not be imputed to a person based solely on his . . . participation in a crime." (*Id.,* subd. (a)(3), Stats. 2018, ch. 1015, § 2.) The amendment ensures that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life. (*People v. Lewis, supra,* 11 Cal.5th 952, 959.) Section 1172.6 provides a procedure for convicted murderers who could not be convicted under the amended law to retroactively seek relief.

Effective January 2022, section 1172.6, subdivision (a), permits relief if an attempted murder conviction may have been based upon a natural and probable consequences theory. (*People v. Coley* (2022) 77 Cal.App.5th 539, 548.) This recent amendment also recognized "the trial court's authority to promptly screen out petitions by categorically ineligible defendants." (*People v. Hurtado, supra,* 89 Cal.App.5th 887, 892.)

The trial court may consider the petitioner's record of conviction, including the court's own documents, in assessing whether a petitioner has made a prima facie case for relief pursuant to section 1172.6. (*People v. Lewis, supra,* 11 Cal.5th 952, 972.) If the record, including the court's own documents, contains facts refuting the allegations in the petition, the court

may make a credibility determination adverse to the petitioner. (*Id.* at p. 971.) We independently review the summary denial of a resentencing petition pursuant to section 1172.6. (*People v. Coley*, *supra*, 77 Cal.App.5th 539, 545.)

The trial court properly denied Gonzalez's resentencing petition because he is ineligible for relief as a matter of law. The undisputed facts in the record of conviction as well as Gonzalez's plea and admissions establish that he was the actual shooter who attempted to murder the shopkeeper. As Gonzalez was leaving the store, he shot at the shopkeeper. After leaving the store, Gonzalez continued to shoot at the shopkeeper from the parking lot. Gonzalez later directed police officers to the location of the firearm that he tossed into the drainage ditch. The felony complaint alleged that Gonzalez, with malice aforethought, committed first degree murder and attempted murder, and personally used a firearm in the commission of the offenses. The record of conviction conclusively establishes that Gonzalez attempted to murder the shopkeeper by shooting him. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 233 [record makes clear that defendant was the actual killer and only participant]; *People v. Garrison* (2021) 73 Cal.App.5th 735, 743 [lack of evidence that anyone else had a firearm and shot victim].) This evidence establishes that Gonzalez's prosecution did not rest upon a theory of liability of imputed malice.

Gonzalez contends that the trial court erred by relying upon the probation report because it is not part of the record of conviction. (*People v. Rivera* (2021) 62 Cal.App.5th 217, 235 [grand jury transcript as factual basis for plea not part of record of conviction]; *People v. Flores* (2022) 76 Cal.App.5th 974, 991-992.) We disagree. (*People v. Nguyen* (2020) 53 Cal.App.5th

6

1154, 1161, 1166-1167 [defendant stipulated that preliminary examination transcript and police reports would provide factual basis for his plea; litigants agreed that section 1172.6 resentencing court could review same].) Here Gonzalez stipulated that the probation report provided a factual basis for his plea. He admitted therein that he was the actual shooter and the only robber with a firearm. During police questioning, Gonzalez stated that he shot at the shopkeeper when the shopkeeper walked into the store area holding a firearm. "The record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*People v. Lewis, supra*, 11 Cal.5th 952, 971.)

Gonzalez also contends that an evidentiary hearing was required to establish the theory of provocative act murder, including his mental states of premeditation and deliberation, in committing the attempted murder of the shopkeeper.

Pursuant to the provocative act doctrine, "when the perpetrator of a crime maliciously commits an act that is likely to result in death, and the victim kills in reasonable response to that act, the perpetrator is guilty of murder." (*People v. Gonzalez* (2012) 54 Cal.4th 643, 655.) The doctrine has two elements: 1) the defendant must personally harbor the mental state of malice, and 2) either the defendant or an accomplice intentionally committed a provocative act that proximately caused an unlawful killing. (*Ibid.*) The provocative act doctrine does not impute malice at all, and certainly does not impute it based solely on a defendant's participation in a crime. (*People v. Mancilla, supra*, 67 Cal.App.5th 854, 867-868.)

7

The provocative act doctrine is distinguishable from felony-murder and the natural and probable consequences doctrines. The felony-murder rule does not apply where an accomplice is killed by the victim or another third party. (*People v. Gonzalez, supra*, 54 Cal.4th 643, 654-655.) "The classic provocative act scenario occurs when a perpetrator of the underlying crime instigates a gun battle, usually by firing first, and a police officer, or victim of the underlying crime, responds with privileged lethal force by returning fire and kills the perpetrator's accomplice." (*People v. Mejia* (2012) 211 Cal.App.4th 586, 602-603.) Here Gonzalez shot at the shopkeeper at head level and the shopkeeper returned fire and struck Estrada. Gonzalez pleaded guilty to attempted murder and admitted that he harbored malice aforethought.

The natural and probable consequences doctrine could not have applied to convict Gonzalez because the doctrine requires a killing by a principal involved in a target crime. (*People v. Mejia, supra*, 211 Cal.App.4th 586, 628.) Thus, the only theory applicable to prosecute Gonzalez was provocative act murder, a doctrine that does not impute malice based upon a defendant's participation in a crime. Gonzalez cannot establish that he is eligible for relief pursuant to the methods set forth in section 1172.6 regarding implied malice.

*DISPOSITION*

The order is affirmed.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.          BALTODANO, J.

8

David R. Worley, Judge

Superior Court County of Ventura

_____

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Heidi Salerno, Deputy Attorneys General, for Plaintiff and Respondent.